# EXHIBIT A

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MARITZA ORTIZ, | § |
| Plaintiff, | § § § |
| v. | § No. _____ |
| | § § |
| JOHNSON & JOHNSON, and ETHICON, INC., | § § § |
| Defendants. | § § § |

## DEFENDANTS' INDEX OF DOCUMENTS PURSUANT TO LR 81.1

| Description | Date filed (state court) | Exhibit |
|---|---|---|
| Civil Case Information Sheet | 02/29/2016 | A-1 |
| Original Petition | 02/29/2016 | A-2 |
| Issue Citation Comm. of Ins. or SOS | 03/08/2016 | A-3 |
| Issue Citation | 03/08/2016 | A-4 |
| Request for Service | 03/08/2016 | A-5 |
| Citation SOS/COI/COH/HAG | 03/14/2016 | A-6 |
| Citation Issued | 03/30/2016 | A-7 |
| Citation | 03/30/2016 | A-8 |
| Ethicon's Special Appearance | 03/31/2016 | A-9 |
| Ethicon's Answer Subject to Special Appearance | 03/31/2016 | A-10 |
| Plaintiffs' Notice of Nonsuit | 04/01/2016 | A-11 |
| Johnson & Johnson's Special Appearance | 04/06/2016 | A-12 |
| Johnson & Johnson's Answer Subject to Special Appearance | 04/06/2016 | A-13 |

# EXHIBIT A-1

EXHIBIT A-1

DC-16-02500

## DALLAS COUNTY CIVIL DISTRICT COURT COVER SHEET

**STYLED** Martiza Ortiz, et al                    **v.** Johnson & Johnson and Ethicon, Inc.

This Civil Cover Sheet must be completed, filed and served with every petition. The information should be the best available at the time of fling, understanding that the information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial. Check (√) all applicable boxes.

| Plaintiff(s) | Defendant(s) (list separately) |
|---|---|
| ☐ Pro Se _____ | Johnson & Johnson |
| Address _____ | Ethicon, Inc. |
| Telephone/Fax _____ | |
| E-mail _____ | |
| ☒ Attorney for Plaintiff(s) | |
| State Bar No. Tim Goss - 08222660 | |
| Address 3031 Allen Street, Ste. 200, Dallas, Texas 75204 | |
| Telephone/Fax 214-761-6610 | |
| E-mail tim@freeseandgoss.com | |

## PARTIES *MUST* CHECK ONE CASE TYPE AND MAY CHECK ONE SUB-TOPIC

- ☐ Administrative Appeal
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Code Violations
- ☐ Condemnation
- ☐ Construction
- ☐ Construction
- ☐ Debt/Contract
- ☐ Defamation
- ☐ Other Commercial Dispute
  - ☐ Antitrust/Unfair Comp
  - ☐ Consumer/DTPA
  - ☐ Franchise
  - ☐ Fraud/Misrep
  - ☐ Intellectual Property
  - ☐ Non-Competes
  - ☐ Partnership
  - ☐ Securities/Stock
  - ☐ Tortuous Interference
  - ☐ Other Commercial
- ☐ Discipline
- ☐ Discovery
  - ☐ Rule 202 Depositions
  - ☐ Commissions
  - ☐ Subpoena
  - ☐ Letters Rogatory
  - ☐ Other Discovery
- ☐ Employment
  - ☐ Discrimination
  - ☐ Retaliation

- ☐ Termination
- ☐ Other Employment
- ☐ Foreclosure
  - ☐ R 736
  - ☐ Other than R 736
- ☐ Foreign Judgment
- ☐ Insurance
- ☐ Mass Tort/MDL/Rule 11
  - ☐ Asbestos
  - ☐ Baycol
  - ☐ Breast Implant
  - ☐ Firestone
  - ☐ Phen-Fen
  - ☐ Silica
  - ☐ Other Multi-Party
- ☐ Motor Vehicle Accident
  - ☐ Other Personal Injury
  - ☐ Assault/Battery
  - ☐ Product
  - ☐ Premises
  - ☐ Other Personal Injury
- ☐ Name Change
- ☐ Post-Judgment
- ☐ Professional Liability
  - ☐ Accounting
  - ☐ Legal
  - ☐ Med/Mal
  - ☐ Other Prof. Liab.
- ☐ Property

- ☐ Partition
- ☐ Quite Title
- ☐ Trespass/Try Title
- ☐ Other Property
- ☐ Prejudgment Remedy
- ☐ Seizure/Forfeiture
- ☐ Tax
  - ☐ Tax Appraisal
  - ☐ Tax Delinquency
  - ☐ Tax Land Bank
  - ☐ Tax Personal
  - ☐ Tax Real
- ☐ Workers Comp
- ☒ Other

### ADDITIONAL SUB-TOPICS
- ☐ Attachment
- ☐ Bill of Discovery
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Receiver
- ☐ Sequestration
- ☐ Severance
- ☐ TRO/Injunction
- ☐ Turnover

**DISCOVERY LEVEL**    ☐ Level 1    ☐ Level 2    ☒ Level 3

Local Rule 1.08 Certification (Must be completed and signed)

This case is not subject to transfer pursuant to Local Rule 1.07, or
This case is related to another case filed or disposed of in Dallas County:

Court: _____    Style: _____    Case No. _____

_____
Attorney's Signature

# EXHIBIT A-2

EXHIBIT A-2

DALLAS COL
2/29/2016 5:49:4
FELICIA P
DISTRICT CL

Angie Avin

CAUSE NO. DC-16-02500 _____

| | | |
|---|---|---|
| MARITZA ORTIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| JOHNSON & JOHNSON, and | § | |
| ETHICON, INC., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, Plaintiffs, and file their Original Petition complaining of Defendants Johnson & Johnson and Ethicon, Inc., and for cause of action, would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.     Plaintiffs intend that discovery be conducted under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### PARTIES AND SERVICE

2.     Plaintiff Maritza Ortiz is an individual and resident of the State of Texas.

3.     The remaining female and male (loss of consortium) Plaintiffs, in the table attached hereto as Exhibit 1, are residents of various States throughout the country.

4.     Defendant Johnson & Johnson ("Defendant J&J") is a foreign corporation organized and existing under the laws of New Jersey, whose home office address is 1 Johnson & Johnson Plaza, New Brunswick, New Jersey, 08933.  Defendant J&J may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Travis County, Texas 78701, as its agent for service because Defendant J&J engages in business in Texas but does not maintain a regular place

*Ortiz, et al.* - PLAINTIFFS' ORIGINAL PETITION                                      PAGE 1 OF 17

of business in this state or a designated agent for service of process, and this suit arose from Defendant J&J's business in Texas.

5.      Defendant Ethicon, Inc. ("Defendant Ethicon") is a New Jersey corporation licensed to do business in Texas that is located at U.S. Route No. 22 West, Somerville, New Jersey 08876-0151 and may be served with process by serving its registered agent, CT Corp System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## JURISDICTION, VENUE, AND JOINDER

6.      The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

7.      The Court has jurisdiction over the nonresident Defendants because they purposefully availed themselves of the privileges and benefits of conducting business in Texas by committing torts, which are the subject of this suit, in whole or in part in Texas, as more specifically described in the paragraphs that follow.

8.      Pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, venue is proper in Dallas County, Texas because this is the county in which all or a substantial part of the events giving rise to this claim occurred.

9.      Joinder of Plaintiffs' claims is proper because the claims arise out of a series of transactions or occurrences and there are questions of law and fact common to Plaintiffs' claims. *See* TEX. R. CIV. P. 40(a).

## NO FEDERAL CLAIMS PLEADED

10.     Plaintiffs' claims in this action are brought solely under state law. Plaintiffs do not herein bring, assert, or allege, either expressly or impliedly, any causes of action arising under any federal

law, statute, regulation, or provision. Thus, there is no federal jurisdiction in this action on the basis of a federal question under 28 U.S.C. § 1331.

11.    Furthermore, federal diversity jurisdiction is lacking in this action. Complete diversity does not exist between the parties and therefore the federal courts lack jurisdiction under 28 U.S.C §1332.

## FACTS

### The Pelvic Mesh Products

12.    At all times relevant herein, Defendants were engaged in the business of placing medical devices into the stream of commerce by designing, manufacturing, marketing, packaging, labeling, and selling such devices as, including but not limited to, Ethicon Artisyn Mesh, Mersilene Mesh, Ultrapro Mesh, Prolene Mesh, Vicryl Mesh, Gynecare Prosima, Gynecare Prolift, Gynecare Prolift +M Gynecare Gynemesh, Gynecare TVT, Gynecare TVT-O, Gynecare TVT-S, Gynecare TVT-Abbrevo, and Gynecare TVT Exact, ("Pelvic Mesh Products"). The Pelvic Mesh Products are products targeted at women who suffer from pain, discomfort, pelvic organ prolapse, and stress urinary incontinence as a result of weakening or damage to the walls of the vagina. The Pelvic Mesh Products are represented by Defendants to correct and restore normal vaginal structure by implantation of polypropylene mesh in the vaginal wall tethered in place by two arms that extend up through the buttocks. They are specifically promoted to physicians and patients as an innovative, minimally invasive procedure with minimal local tissue reactions, minimal tissue trauma, and minimal pain while correcting stress urinary incontinence and pelvic organ prolapse.

13.    Prior the implantation of the Pelvic Mesh Products at issue in this claim, Defendants sought and obtained Food and Drug Administration ("FDA") clearance (not approval) to market the Pelvic Mesh Products under Section 510(k) of the Medical Device Amendment to the Food, Drug and

Cosmetics Act. Section 510(k) allows marketing of medical devices if the device is deemed substantially equivalent to other legally marketed predicate devices marketed prior to May 28, 1976. No formal review for safety or efficacy is required.

14. Despite claims that the monofilament polypropylene mesh in the Pelvic Mesh Products is inert, the scientific evidence shows that this material is biologically incompatible with human tissue and promotes an immune response. This immune response promotes degradation of the pelvic tissue and can contribute to the formation of severe adverse reactions to the mesh. Certain information was available in the medical literature regarding the dangers of polypropylene mesh and manufacturers and physicians should have been aware of this literature, including:

a. Shrinkage and bacteria lead to an evolving process and increased erosion (Klinge U. Eur J Surg 1998; 164:965, Jacquetin B. Int Urogyn J 2009; 20:893, Tunn R. Ultrasound Obstetrics Gynecol 2007; 29:449).

b. Polypropylene mesh has long been known to shrink (Klinge U. Eur J Surg 1998; 164:965, Jacquetin B. Int Urogyn J 2009; 20:893, Tunn R. Ultrasound Obstetrics Gynecol 2007; 29:449). By 1998, polypropylene mesh was known to shrink 30-50%. This was subsequently confirmed in 2007 (Klinge U. Eur J Surg 1998; 164:965, Jacquetin B. Int Urogyn J 2009; 20:893, Tunn R. Ultrasound Obstetrics Gynecol 2007; 29:449). Predominate infection/inflammation was noted in 2007 in explanted polypropylene samples (Yahi Y. Int Urogyn J 2007; 18(Suppl 1):S149).

c. The weave of the mesh produces very small interstices which allow bacteria to enter and to hide from the host defenses designed to eliminate them. The bacteria can secrete an encasing slime (biofilm) which further serves to protect them from destruction by white blood cells and macrophages (Osterberg B.

ActaChirScand1979; 145:431, Merritt K.  J BiomatAppl 1991; 5:185, An Y.  J Biomed Mater Res (ApplBiomat) 1998; 43:338).

d.  The large surface area promotes wicking of fluids and bacteria which provides a safe haven for bacteria which attach themselves to the mesh during the insertion process (Mahmoud W. J Biomat Sci Polymer Ed 1996; 7:751, Klinge U. J Biomed Mater Res 2002; 63:765, Vollebregt A. Int Urogyn J 2009; 20:1345).

e.  The size of the mesh placed equates to a large surface area with many places for bacteria to hide while being protected from host defenses (Mahmoud W.  J Biomat Sci Polymer Ed 1996; 7:751, Klinge U. J Biomed Mater Res 2002; 63:765, Vollebregt A. Int Urogyn J 2009; 20:1345).

f.  Polypropylene is impure:  There is no such thing as pure polypropylene. Polypropylene contains about 15 additional compounds which are leached from the polypropylene and are toxic to tissue which enhances the inflammatory reaction and the intensity of fibrosis (Sternschuss G. J Urol 2012; May 12 epub, Frostling H. Scand J Work Environ Health 1984; 10:163).

g.  Prolene™ (polypropylene) was shown to be not inert in 1986 and again in 2003 with flaking and fissuring demonstrated by scanning electron microscopy which leads to degradation and release of toxic compounds.  This enhances the inflammatory and fibrotic reactions (Coda A. Hernia 2003; 7:29, Jongebloed WL. Doc Ophthalmol 1986; 64:143–52).

h.  With the loss of polypropylene due to degradation, the surface area is greatly increased thus providing greater areas for bacterial adherence and more elution of toxic compounds from the polypropylene and also the freed toxic polypropylene

itself, all of which increases the inflammatory reaction and intensity of fibrosis (Jongebloed W. Doc Ophth 1986; 64:143, Sternschuss G. J Urol 2012; May 12 epub, Clave A. Int Urogyn J 2010; 21:261).

15.   Defendants marketed the Pelvic Mesh Products to the medical community and to patients as safe, effective, and reliable medical devices that can be implanted by safe, effective, and minimally invasive surgical techniques.

16.   Defendants marketed and sold the Pelvic Mesh Products through carefully planned, multifaceted marketing campaigns and strategies.  These campaigns and strategies include, but are not limited to, aggressive marketing and the provision of valuable cash and non-cash benefits to healthcare providers.   Defendants also utilized documents, patient brochures, and websites, offering exaggerated and misleading expectations as to the safety and utility of these products.

17.   Contrary to the representations and marketing of Defendants, the Pelvic Mesh Products have high failure, injury, and complication rates, fail to perform as intended, require frequent and often debilitating revision surgeries, and have caused severe and irreversible injuries, conditions, and damage to a significant number of women, including Plaintiffs.  The defects stem from many issues, including:

   a.   the use of polypropylene material in the Pelvic Mesh Products and the immune reaction that results;

   b.   the design of the Pelvic Mesh Products to be inserted transvaginally into an area of the body with high levels of pathogens that adhere to the mesh, which can cause immune reactions and subsequent tissue breakdown;

   c.   the contraction or shrinkage of the mesh;

    d.      biomechanical issues with the design of the mesh that create strong amounts of friction between the mesh and the underlying tissue that subsequently cause that tissue to degrade;

    e.      the use and design of anchors in the Pelvic Mesh Products that when placed correctly are likely to pass through and injure major nerve routes in the pelvic region;

    f.      degradation of the mesh itself over time which causes the internal tissue to degrade;

    g.      the welding of the mesh itself during production, which creates a toxic substance that contributes to the degradation of the mesh and host tissue; and

    h.      the design of the trocars (devices used to insert the Pelvic Mesh Products into the vagina) requires tissue penetration in nerve-rich environments, which results frequently in the destruction of nerve endings.

18.    Upon information and belief, Defendants have consistently underreported and withheld information about the propensity of its Pelvic Mesh Products to fail and cause injury and complications, and have misrepresented the efficacy and safety of these products, through various means and media, actively and intentionally misleading the public.

19.    Despite the chronic underreporting of adverse events associated with the Pelvic Mesh Products, enough complaints were recorded for the Food and Drug Administration ("FDA") to issue a public health notification regarding the dangers of these devices.

20.    On October 20, 2008, the FDA issued a Public Health Notification that described over a thousand (1,000) complaints (otherwise known as "adverse events") that had been reported over a three-year period relating to the Pelvic Mesh Products and other similar products. Although the FDA notice did not identify the transvaginal mesh manufacturers by name, a review of the FDA's

MAUDE database indicates that Defendants are some of the manufacturers of the products that are the subject of the notification.

21.     On July 13, 2011, the FDA issued a Safety Communication entitled, "UPDATE on Serious Complications Associated with Transvaginal Placement of Surgical Mesh for Pelvic Organ Prolapse." Therein, the FDA advised that it had conducted an updated analysis of adverse events reported to the FDA and complications reported in the scientific literature and concluded that surgical mesh used in transvaginal repair of pelvic organ prolapse was an area of "**continuing serious concern**." (emphasis added) The FDA concluded that serious complications associated with surgical mesh for transvaginal repair of pelvic organ prolapse were "not rare." These serious complications include, but are not limited to, neuromuscular problems, vaginal scarring/shrinkage, and emotional problems.  Many of the serious complications required medical and surgical treatment and hospitalization. The FDA concluded that it was not clear that transvaginal repair of pelvic organ prolapse and stress urinary incontinence with mesh kits was more effective than traditional non-mesh repair of these conditions. The FDA conducted a systematic review of the published scientific literature from 1996 to 2011 and concluded that transvaginal pelvic organ prolapse repair with mesh "does not improve symptomatic results or quality of life over traditional non mesh repair." In the July 13, 2011 Safety Communication, the FDA concluded that "a mesh procedure may put the patient at risk for requiring additional surgery or for the development new complications. Removal of the mesh due to mesh complications may involve multiple surgeries and significantly impair the patient's quality of life. Complete removal of mesh may not be possible." The information contained in the FDA's Public Health Notification of October 2008 and the FDA Safety Communication of July 13, 2011 was known or knowable to Defendants and was not disclosed in any manner.

22.     Defendants have further known the following:

    a.      that some of the predicate devices for the Pelvic Mesh Products had high failure and complication rates, resulting in the recall of some of these predicate devices;

    b.      that there were and are significant differences between the Pelvic Mesh Products and some or all of the predicate devices, rendering them unsuitable for designation as predicate devices;

    c.      that these significant differences render the disclosures to the FDA incomplete and misleading; and

    d.      that the Pelvic Mesh Products were and are causing numerous patients severe injuries and complications.

23.     Defendants suppressed this information and failed to accurately and completely disseminate or share this and other critical information with others, including Plaintiffs. As a result, Defendants actively and intentionally misled and continue to mislead the public into believing that the Pelvic Mesh Products and the procedures for implantation were and are safe and effective.

24.     Defendants failed to perform or rely on proper and adequate testing and research in order to determine and evaluate the risks and benefits of the Pelvic Mesh Products.

25.     Defendants failed to design and establish a safe, effective procedure for removal of the Pelvic Mesh Products; thus, in the event of a failure, injury, or complications, it is impossible to easily and safely remove the Pelvic Mesh Products.

26.     Feasible and suitable alternative designs as well as suitable alternative procedures and instruments for repair of pelvic organ prolapse and stress urinary incontinence have existed at all times relevant to this matter.

27.    The Pelvic Mesh Products were at all times utilized and implanted in a manner foreseeable to Defendants, as they generated the instructions for use, created the procedures for implanting the devices, and trained the implanting physicians.

28.    Defendants provided incomplete, insufficient, and misleading training and information to physicians to increase the number of physicians utilizing the Pelvic Mesh Products, and thus increase the sales of these products.

29.    The Pelvic Mesh Products implanted into Plaintiffs were in the same or substantially similar condition as they were when they left the possession of Defendants, as well as being in the condition directed by and expected by these Defendants.

30.    Plaintiffs and their physicians foreseeably used and implanted the Pelvic Mesh Products, and did not misuse or alter these products in an unforeseeable manner.

31.    The injuries, conditions, and complications suffered by women who have been implanted with the Pelvic Mesh Products include, but are not limited to, mesh erosion, mesh contraction, infection, fistula, inflammation, scar tissue, organ perforation, dyspareunia (pain during sexual intercourse), blood loss, acute and chronic nerve damage and pain, pudendal nerve damage, pelvic floor damage, chronic pelvic pain, urinary and fecal incontinence, and prolapse of organs. In many cases, these women have been forced to undergo intensive medical treatment, including, but not limited to, the use of pain control and other medications, injections into various areas of the pelvis, spine, and the vagina, and surgeries to remove portions of the female genitalia, to locate and remove mesh, and to attempt to repair pelvic organs, tissue, and nerve damage.

32.    The medical and scientific literature studying the effects of polypropylene pelvic mesh (like the material used in the Pelvic Mesh Products) have examined each of these injuries,

conditions, and complications and determined that they are in fact casually related to the mesh itself and do not often implicate errors related to the implantation of the devices.

33.     Defendants knew and had reason to know that the Pelvic Mesh Products could and would cause severe and grievous personal injury to the users of the Pelvic Mesh Products, and that they were inherently dangerous in a manner that exceeded any purported, inaccurate, or otherwise downplayed warnings.

34.     At all relevant times herein, Defendants continued to promote Pelvic Mesh Products as safe and effective even when no clinical trials had been done supporting long or short term efficacy.

35.     At all relevant times herein, Defendants failed to provide sufficient warnings and instructions that would have put Plaintiffs and the public on notice of the dangers and adverse effects caused by implantation of the Pelvic Mesh Products.

36.     The Pelvic Mesh Products were defective as marketed due to inadequate warnings, instructions, labeling, and/or inadequate testing.

### Medical Care at Issue

37.     Plaintiffs were implanted with the Pelvic Mesh Products, the use for which Defendants marketed and sold these products.

38.     As a result of the implantation of the Pelvic Mesh Products, Plaintiffs suffered and will continue to suffer serious bodily injuries, including pain, discomfort, pressure, difficulty voiding urine, continued incontinence, discharge, scarring, infection, odor, and bleeding.

## CAUSES OF ACTION

### Negligence

39.     On the occasion in question, the injuries and damages sustained by Plaintiffs were proximately caused by the negligence of Defendants in at least the following particulars:  in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging, and selling the Pelvic Mesh Products.

40.     Each act or omission of negligence, acting separately or in combination, was a proximate cause of the damages and injuries to Plaintiffs.

### Strict Liability, Design Defect

41.     At the time the Pelvic Mesh Products were implanted in Plaintiffs, Defendants were engaged in the business of supplying these products.

42.     The Pelvic Mesh Products were defectively designed when sold.

43.     The Pelvic Mesh Products were unreasonably dangerous, taking into consideration the utility of these products and the risks involved in their use.

44.     The Pelvic Mesh Products reached Plaintiffs and their physicians without substantial change in the condition in which they were sold.

45.     The defective and unreasonably dangerous condition of the Pelvic Mesh Products was a proximate cause of the damages and injuries to Plaintiffs.

46.     Thus, Defendants are strictly liable to Plaintiffs.

### Strict Liability, Manufacturing Defect

47.     The Pelvic Mesh Products that were implanted in Plaintiffs were unreasonably dangerous, not reasonably safe for their intended use, and were defective as a matter of law with respect to their manufacture.

48.     The defective and unreasonably dangerous condition of the Pelvic Mesh Products was a proximate cause of the damages and injuries to Plaintiffs.

49.     Thus, Defendants are strictly liable to Plaintiffs.

### Strict Liability, Failure to Warn

50.     Defendants supplied the Pelvic Mesh Products that were implanted in Plaintiffs.

51.     At all times mentioned herein, the Pelvic Mesh Products were dangerous and presented a substantial danger to patients who were implanted with them.

52.     The risks and dangers associated with the Pelvic Mesh Products were known to Defendants at the time of implantation in Plaintiffs, yet these Defendants failed to provide warnings of such risks and dangers to Plaintiffs.

53.     Ordinary consumers would not have recognized the potential risks and dangers the Pelvic Mesh Products posed because their uses were specifically promoted to improve the health of such patients while the nature and prevalence of such risks were either downplayed or not provided to consumers and their physicians.

54.     The Pelvic Mesh Products were used in a way reasonably foreseeable to Defendants by Plaintiffs, particularly given the educational material or instructions given to physicians in regard to these products.

55.     The failure of Defendants to adequately warn about the risks and dangers associated with the Pelvic Mesh Products was a proximate cause of the damages and injuries to Plaintiffs.

56.     Thus, Defendants are strictly liable to Plaintiffs.

### Breach of Implied Warranty

57.     Defendants impliedly warranted that the Pelvic Mesh Products were merchantable and were fit for the ordinary purpose for which they were intended.

58.     When the Pelvic Mesh Products were implanted in Plaintiffs to treat their medical conditions, these products were being used for the ordinary purpose for which they were intended.

59.     Plaintiffs, individually and/or by and through their physicians, relied upon the implied warranty of merchantability of Defendants in consenting to have the Pelvic Mesh Products implanted in her.

60.     Defendants breached this implied warranty of merchantability because the Pelvic Mesh Products implanted in Plaintiffs were neither merchantable nor suited for their intended use as warranted.

61.     These breaches of implied warranties resulted in the implantation of unreasonably dangerous and defective products in Plaintiffs' bodies, placing Plaintiffs' health and safety in jeopardy.

62.     The breaches of the aforementioned implied warranties were a proximate cause of the damages and injuries to Plaintiffs.

## Breach of Express Warranty

63.     Defendants made assurances to the general public, hospitals, and health care professionals that the Pelvic Mesh Products were safe and reasonably fit for their intended purpose.

64.     Plaintiffs and/or their healthcare providers chose the Pelvic Mesh Products based upon the warranties and representations of Defendants regarding the safety and fitness of the Pelvic Mesh Products.

65.     Plaintiffs, individually, and/or by and through their physicians, reasonably relied upon the express warranties and guarantees of Defendants that the Pelvic Mesh Products were safe, merchantable, and reasonably fit for their intended purpose.

66.     Defendants breached these express warranties because the Pelvic Mesh Products implanted in Plaintiffs were unreasonably dangerous and defective and not as Defendants had represented.

67.     These breaches of express warranties resulted in the implantation of unreasonably dangerous and defective products in Plaintiffs' bodies, placing Plaintiffs' health and safety in jeopardy.

68.     The breaches of the aforementioned express warranties were a proximate cause of the damages and injuries to Plaintiffs.

## VICARIOUS LIABILITY

69.     Whenever in this Petition it is alleged that Defendants did or omitted to do any act, it is meant that Defendants' officers, agents, servants, employees, or representatives did or omitted to do such act and that at the time such act or omission was done, it was done with the full authorization or ratification of Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives.

## PLAINTIFFS' DAMAGES

70.     As a direct and proximate result of Defendants' improper acts and/or omissions described herein, Plaintiffs was caused to suffer severe injuries and damages, including the following:

   a.     Physical pain and mental anguish sustained in the past;

   b.     Physical pain and mental anguish that, in reasonable probability, Plaintiffs will sustain in the future;

   c.     Disfigurement sustained in the past;

   d.     Disfigurement that, in reasonable probability, Plaintiffs will sustain in the future;

   e.     Physical impairment sustained in the past;

f.    Physical impairment that, in reasonable probability, Plaintiffs will sustain in the future;

g.    Loss of earning capacity sustained in the past;

h.    Loss of earning capacity that, in reasonable probability, Plaintiffs will sustain in the future;

i.    Medical care expenses incurred in the past;

j.    Medical care expenses that, in reasonable probability, Plaintiffs will incur in the future; and

k.    Loss of consortium on the part of the male Plaintiffs.

## EXEMPLARY DAMAGES

71.    Defendants' conduct described herein, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Moreover, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.  Thus, Plaintiffs seeks exemplary damages in an amount to be determined by the jury.

## PRAYER

72.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiffs have judgment against Defendants for all damages to which they are entitled under the laws of the State of Texas, which amount exceeds the minimum jurisdictional limits of this Court; for pre-judgment interest in accordance with law and/or at the highest legal rate; for interest on the judgment; for costs of suit;

for exemplary damages; and for such other and further relief, either at law or in equity, to which

Plaintiffs has shown or will show themselves justly entitled.

Dated: February 29, 2016

Respectfully Submitted,

Tim K. Goss
Texas Bar No. 08222660
tim@freeseandgoss.com
Tamara L. Banno
Texas Bar No. 24012240
tbanno@tlb-law.com
Freese & Goss, PLLC
3031 Allen St., Ste. 200
Dallas, TX  75204
Phone:  214-761-6610
Fax:  214-761-6688

David P. Matthews
Texas Bar No. 13206200
dmatthews@thematthewslawfirm.com
Julie L. Rhoades
Texas Bar No. 16811710
jrhoades@thematthewslawfirm.com
Matthews and Associates
2509 Sackett St.
Houston, TX  77098
Phone:  713-522-5250
Fax:  713-535-7184

**ATTORNEYS FOR PLAINTIFFS**

## Exhibit 1 – Plaintiffs' Original Petition (*Ortiz, et al.*)

| FIRST NAME | LAST NAME | SPOUSE NAME | ETHICON PRODUCT 1 | ETHICON PRODUCT 2 | ETHICON PRODUCT 3 |
|---|---|---|---|---|---|
| Carolyn | Meadows | | Prolene | Prolene | |
| Cecelia | King | | Prolene | | |
| Ginger | Johnson | | Prolene | | |
| Valerie S. | Johnson | | Prolene | | |
| Leila | Johnson | | Prolene | | |
| Christine | Collins | | Prolene | | |
| Rhonda | Karr | | Prolene | | |
| Cherie | Dell | | Prolene | TVT | |
| Patricia | Mosely | Raymond Mosely | Prolene | | |
| Pamela | Watson | | Prolene | | |
| Karen | Herrera-Pleasant | | Prolene | | |
| Geraldine | Barile | | Prolene | | |
| Sandra | Smith | | Prolene | | |
| Joan | Mitchell | | Prolene | | |
| Linda | Kierstead | | Prolene | | |
| Teresa | Cantrell | | Prolene | | |
| Sandra | Hardee | | Prolene | | |
| Sharon | Shoffner | | Prolene | | |
| Mary | Hall | | Prolene | TVT-O | |
| Debbie | Cobb | | Prolene | | |
| Kristen | Viers | | Prolene | | |
| Jacqueline | Leone-Joy | | Prolene | Prolene | |
| Renee | Sotero | | Prolene | | |
| Rebbecca | Powell | | Prolene | | |
| Martha | Swain | | Prolene | | |
| Karen | Weiss | | Prolene | | |
| Jane | Nogrady | | Prolene | TVT | |
| Pamela | Wolfe | | Prolene | | |
| Angela | Carter | | Prolene | | |
| Ginger | Scholl | | Prolene | | |
| Donna | Stadler | | Prolene | | |
| Mary | Wooley | | Prolene | TVT | |
| Rita | Howard | | Prolene | | |
| Margaret | Fagundes | | Prolene | | |
| Georgette | Wahl | | Prolene | Prolene | |
| Carolyn | Leonard | | TVT Abbrevo | | |
| Dora | Craighead | | TVT Exact | | |
| Kimberly | Hyams | | TVT Exact | | |
| Kathy | Alonzo | | TVT Exact | | |

Page 1 of 4

# Exhibit 1 – Plaintiffs' Original Petition (*Ortiz, et al.*)

| FIRST NAME | LAST NAME | SPOUSE NAME | ETHICON PRODUCT 1 | ETHICON PRODUCT 2 | ETHICON PRODUCT 3 |
|---|---|---|---|---|---|
| Melissa | Allred | | TVT Exact | | |
| Lynda | Barcroft | | TVT Exact | | |
| Jerri | Wilson | | TVT Abbrevo | | |
| Diane | Capps | | TVT Abbrevo | | |
| Sara Lynn | Thompson | | TVT Exact | | |
| Zulema | Castaneda | | TVT Exact | | |
| Connie | Robinson | | TVT Abbrevo | | |
| Anna | Carman | | TVT Exact | | |
| Deborah | Hall | | TVT Abbrevo | | |
| Patricia | Ahmad | | TVT Exact | | |
| LaVonda | Murphy | | TVT Exact | | |
| Marion | Spencer | | TVT Exact | | |
| Estate of Rita | Hickman | | TVT Exact | | |
| Sheila | Petree | | TVT Exact | | |
| Christi | Schooley | | TVT Abbrevo | | |
| Betty | Foster | | TVT Exact | | |
| Charlotte | Knowles | | TVT Exact | | |
| Joy | Moore | | TVT Abbrevo | | |
| Shelley | Winn | | TVT Exact | | |
| Lisha | Thorpe | | TVT Exact | Mersilene | |
| Binnie | Gatewood | | TVT Exact | | |
| Monica | Agyin | | TVT Exact | | |
| Edith | Castillo | | TVT Abbrevo | | |
| Gloria | Marold | | TVT Abbrevo | | |
| Victoria | Davila | | TVT Abbrevo | | |
| Rachel | Canales | | TVT Abbrevo | | |
| Louise | Kite | | TVT Exact | | |
| Judy | Redfern | | TVT Exact | | |
| Lisa | Eakes | | TVT Abbrevo | | |
| Tammy | Turner | | TVT Exact | | |
| Dixie | Lounsberry | | TVT Exact | | |

## Exhibit 1 – Plaintiffs' Original Petition (*Ortiz, et al.*)

| FIRST NAME | LAST NAME | SPOUSE NAME | ETHICON PRODUCT 1 | ETHICON PRODUCT 2 | ETHICON PRODUCT 3 |
|---|---|---|---|---|---|
| Laritha | Bonner | | TVT Exact | | |
| Jeri | Carroll | | TVT Exact | | |
| Letitia | Cannon | | TVT Exact | | |
| Rebecca | Tarango | | TVT Exact | | |
| Deborah | Washington | | TVT Exact | | |
| Stephanie | Millhouse | | TVT Abbrevo | | |
| Karen | Danaher | | TVT Exact | | |
| Emily | Brown | | TVT Abbrevo | | |
| Sheila | Foland | | TVT Exact | | |
| Sandy | Wentworth | | TVT Abbrevo | | |
| Donna | Daniels | | TVT Exact | Artisyn | |
| Cheryl | Urwin-Stewart | | TVT Exact | Exact | |
| Fredal | Rycus | | TVT Exact | | |
| Brenda | Maiden | | TVT Exact | | |
| Susan | Prescott | | TVT Exact | | |
| Toni | Jones | | TVT-S | | |
| Gayle Christen | Barnes | | TVT-S | | |
| Paula | Dodge | | TVT-S | | |
| Karen | Kapala | | TVT-S | | |
| Karen | Mattice | | TVT-S | | |
| Dena | Adams | | TVT-S | | |
| Susan | Harper | | TVT-S | | |
| Paula | Holsapple | | TVT-S | | |
| Laurie | Powell | | TVT-S | | |
| Jeannine | LeBlanc-Grant | | TVT-S | | |
| Sally | Demaray | | TVT-S | | |
| Tosha | Farris | | TVT-S | | |
| Amanda | Welsh | | TVT-S | | |
| Linda | Davis | | TVT-S | | |
| Elaine | Dodson | | TVT-S | | |
| Jaime | Smith | | TVT-S | | |
| Judy | Kelly | | TVT-S | | |
| Judith | Almond | | TVT-S | | |
| Sue | Keller | | TVT-S | | |
| Ginger | McKee | | TVT-S | | |
| Darlene | Rowles | | TVT-S | | |

## Exhibit 1 – Plaintiffs' Original Petition (*Ortiz, et al.*)

| FIRST NAME | LAST NAME | SPOUSE NAME | ETHICON PRODUCT 1 | ETHICON PRODUCT 2 | ETHICON PRODUCT 3 |
|---|---|---|---|---|---|
| Teresa | Reimer | | TVT-S | | |
| Marsha | Moore | | TVT-S | | |
| Melanie | Morris | | TVT-S | | |
| Lillie | Davis | | TVT-S | | |
| Beatrice | Jenkins | | TVT-S | | |
| Yazmina | Bethancourt | | TVT-S | | |
| Barbara | Miller | | TVT-S | | |
| Cheryl | Seward | | TVT-S | TVT | |
| Barbara | Speece | | TVT-S | | |
| Lisa | Glidden | | TVT-S | | |
| Sandra | Wendell | | TVT-S | | |
| Jody | Goltz | | TVT-S | | |
| Donna | Johnson | | TVT-S | | |
| Annie | Johnson | | TVT-S | | |

# EXHIBIT A-3

EXHIBIT A-3

CITATION
OF TEXAS

ATTY ((SOS)

**CITATION**

TO: ETHICON INC
BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079
AUSTIN, TX, 78711

No.: DC-16-02500

**MARITZA ORTIZ, ET AL**
**VS.**
**JOHNSON & JOHNSON, ET AL**

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **MARITZA ORTIZ**

Filed in said Court 29th day of February, 2016 against
**JOHNSON & JOHNSON**

For suit, said suit being numbered   **DC-16-02500**  the nature of which demand is as follows:
  Suit On  **OTHER (CIVIL)** etc.
as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 8th day of March, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas County, Texas

By _____, Deputy
     **PATRICIA ELLIOTT**

ISSUED
ON THIS THE 8TH DAY OF MARCH,
2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **PATRICIA ELLIOTT**, Deputy

Attorney for : Plaintiff
**TIM K. GOSS**
3031 ALLEN ST., STE. 200
DALLAS, TX. 75204
214-761-6610

**DALLAS COUNTY CONSTABLE**
FEES        FEES NOT
PAID        PAID

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-16-02500

Court No: 116th District Court

Style: MARITZA ORTIZ, et al
vs.
JOHNSON & JOHNSON, et al

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.
----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| | | | |
|---|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ | |
| For Mileage | $_____ | County of_____ | |
| For Notary | $_____ | State of_____ | |
| Total Fees | $_____ | By_____ | |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
Signed and sworn to me by the said_____ before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal                                    State & County of
                                        _____

# EXHIBIT A-4

EXHIBIT A-4

FORM NO. 353-4—CITATION
THE STATE OF TEXAS

**CITATION**

To:    **JOHNSON & JOHNSON**
       **BY SERVING THE SECRETARY OF STATE**
       **OFFICE OF THE SECRETARY OF STATE**
       **CITATIONS UNIT - P.O. BOX 12079**
       **AUSTIN, TX, 78711**

| No.: DC-16-02500 |
|---|

**MARITZA ORTIZ, ET AL**
**VS.**
**JOHNSON & JOHNSON, ET AL**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
   Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **MARITZA ORTIZ**

Filed in said Court 29th day of February, 2016 against
**JOHNSON & JOHNSON**

For suit, said suit being numbered   **DC-16-02500**  the nature of which demand is as follows:
 Suit On **OTHER (CIVIL)** etc.
as shown on said petition,  a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
   Given under my hand and the Seal of said Court at office **on this the 8th day of March, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

_____, Deputy
       **PATRICIA ELLIOTT**

**ISSUED**
**ON THIS THE 8TH DAY OF MARCH,**
**2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **PATRICIA ELLIOTT**, Deputy

Attorney for : Plaintiff
 **TIM K. GOSS**
 **3031 ALLEN ST., STE. 200**
 **DALLAS, TX. 75204**
 **214-761-6610**

DALLAS COUNTY CONSTABLE
FEES        FEES NOT
PAID        PAID

**OFFICER'S RETURN
FOR INDIVIDUALS**

Cause No. DC-16-02500

Court No: 116th District Court

Style: MARITZA ORTIZ, et al
vs.
JOHNSON & JOHNSON, et al

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

---------000000--------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _____ day of_____, 20____ at _____ o'clock ___.M. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20____, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____
President - Vice President - Registered Agent - in person, of the said _____
_____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.
---------000000--------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
Signed and sworn to me by the said_____ before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal

State & County of
_____

# EXHIBIT A-5

EXHIBIT A-5

DALLAS COU
3/8/2016 11:37:35
FELICIA PI
DISTRICT CL

# Freese & Goss PLLC

**ATTORNEYS AT LAW**

2 CIT/SOS/ATTY

3031 ALLEN STREET, SUITE 200
DALLAS, TEXAS 75204

TELEPHONE: 214.761.6610
FACSIMILE: 214.761.6688

www.freeseandgoss.com

March 8, 2016

Crystal McDowe

Dallas County Clerk Office
Attn: Patricia
600 Commerce St # 103,
Dallas, TX 75202
(214) 653-6603

Re: MARITZA ORTIZ, ET AL., v. JOHNSON & JOHNSON and ETHICON, INC.,

Dear Patricia,

Please find the additional fees for citation to secretary of state on behalf of both defense Johnson & Johnson and Ethicon for the case referenced above. If any further instruction is needed please contact me at 214-761-6610 ext 6649.

Sincerely,

Tim K. Goss
Attorney at Law

BIRMINGHAM                    DALLAS                    JACKSON

# EXHIBIT A-6

**FORM NO. 353-3 - CITATION**

## THE STATE OF TEXAS

FILED

2016 MAR 14 PM 12: 12

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS

_____ DEPUTY

To:    ETHICON INC
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
350 N ST PAUL STREET SUITE 2900
DALLAS TX 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MARITZA ORTIZ**

Filed in said Court **29th day of February, 2016** against

**ETHICON INC AND JOHNSON & JOHNSON**

For Suit, said suit being numbered **DC-16-02500,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of March, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
CRYSTAL MCDOWELL

---

**ATTY**

## CITATION

## DC-16-02500

**MARITZA ORTIZ, et al**
vs.
**JOHNSON & JOHNSON, et al**

ISSUED THIS
**10th day of March, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CRYSTAL MCDOWELL, Deputy

**Attorney for Plaintiff**
TIM K GOSS
3031 ALLEN STREET
SUITE 200
DALLAS TX 75204
214-761-6617

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

# OFFICER'S RETURN

Case No. : DC-16-02500

Court No.116th District Court

Style: MARITZA ORTIZ. et al

vs.

JOHNSON & JOHNSON, et al

**\*\*SEE ATTACHED\*\***
**\*\*\*AFFIDAVIT\*\*\***

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ ,

20 _____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of _____ County. _____ | |
| For Notary | $_____ | —By _____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20 _____ ,

to certify which witness my hand and seal of office.

_____

**\*\*SEE ATTACHED\*\***
**\*\*\*AFFIDAVIT\*\*\***

Notary Public _____ County _____

CAUSE NO. <u>DC-16-02500</u>

| | | |
|---|---|---|
| MARITZA ORTIZ, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| VS. | § | **116TH JUDICIAL DISTRICT** |
| JOHNSON & JOHNSON, and | § | |
| ETHICON, INC., | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## RETURN OF SERVICE

Came to my hand on **Thursday, March 10, 2016 at 12:30 PM,**
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
within the county of **DALLAS** at **2:45 PM, on Thursday, March 10, 2016,**
by individually and personally delivering to the within named:

### ETHICON, INC.

By delivering to its' **Registered Agent, CT CORPORATION SYSTEM**
By delivering to its' **Authorized Agent, KAILEN JOHNSON**
a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION with EXHIBITS

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Brian K. Lewis** who after being duly sworn on oath states: "My name is **Brian K. Lewis.** I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under Rule 103 and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas."

**Brian K. Lewis**

Of:    **Dallas County**

By:

Authorized Person - SCH10485 - Exp 08/31/16

Subscribed and Sworn to by Brian K. Lewis, Before Me, the undersigned authority, on this
_____ day of March, 2016.

Notary Public in and for the State of Texas

ARMANDO ESQUIVEL
Notary Public
STATE OF TEXAS
ID#128582606
My Comm. Exp. Mar. 25, 2019

# EXHIBIT A-7

EXHIBIT A-7

FORM NO. 353-4—CITATION
THE STATE OF TEXAS

To:   ETHICON INC
      BY SERVING THE SECRETARY OF STATE
      OFFICE OF THE SECRETARY OF STATE
      CITATIONS UNIT - P.O. BOX 12079
      AUSTIN, TX, 78711

**RECEIVED**
MAR 17 2016
@10:00AM

**CITATION**

ATTY(SOS)

No.: DC-16-02500

MARITZA ORTIZ, ET AL.
VS.
JOHNSON & JOHNSON, ET AL

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **116th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **MARITZA ORTIZ**

Filed in said Court 29th day of February, 2016 against
**JOHNSON & JOHNSON**

For suit, said suit being numbered   **DC-16-02500**  the nature of which demand is as follows:
Suit On  **OTHER (CIVIL)** etc.
as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 8th day of March, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
      **PATRICIA ELLIOTT**

**ISSUED**
ON THIS THE 8TH DAY OF MARCH,
2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **PATRICIA ELLIOTT**, Deputy

Attorney for : Plaintiff
**TIM K. GOSS**
**3031 ALLEN ST., STE. 200**
**DALLAS, TX. 75204**
**214-761-6610**



FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

2016 MAR 30 PM 12: 57
FILED

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-16-02500

Court No: 116th District Court

Style: MARITZA ORTIZ, et al
vs.
JOHNSON & JOHNSON, et al

Received this Citation the __17th__ day of __March__, 20__16__ at __10:00__ __AM__ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20_____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20_____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20_____, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.

For Serving Citation    $_____      Sheriff _____
For Mileage             $_____      County of _____
For Notary              $_____      State of _____
    Total Fees.         $_____      By _____

AFFIDAVIT ATTACHED

(Must be verified if served outside the State of Texas)
State of _____
County of _____
    Signed and sworn to me by the said _____ before me this _____ day of _____, 20_____, to certify which witness my hand and seal of office.

Seal                                          State & County of

## RETURN OF SERVICE

### Cause No. DC-16-02500

In The 116th Judicial District Court of
Dallas County, Texas

MARITZA ORTIZ
     Plaintiff

V.

JOHNSON & JOHNSON,
AND ETHICON, INC.
     Defendant

Came to hand on March 17, 2016, at 10:00 AM.

Executed at 1019 Brazos St., 1st Floor, Austin, TX 78701, within the County of Travis at 12:36 PM on March 17, 2016, by delivering to the within named:

### ETHICON, INC.,

**by delivering to THE TEXAS SECRETARY OF STATE, by and through its designated agent, LIZ CORDELL, true duplicate copies of this Citation together with Plaintiffs' Original Petition including Exhibit 1, having first endorsed upon both copies of such process the date of delivery, and tendering the $55 Statutory Fee.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103, 501 and 501.2 of the TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the abovereferenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the abovereferenced cause.

By: _____
     Jeff Keyton
     SCH-735, Exp: 7/31/2017

### VERIFICATION

STATE OF TEXAS     §
COUNTY OF TRAVIS     §

     BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Jeff Keyton, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
     Given under my hand and seal of office this March 21, 2016.

_____
NOTARY PUBLIC, STATE OF TEXAS

16-019509/076-0172



HELEN LUPERCIO
Notary Public, State of Texas
Comm. Expires 11-04-2019
Notary ID 130429927

EXHIBIT A-8

EXHIBIT A-8

FORM NO. 353-4—CITATION (SOS)
THE STATE OF TEXAS

To:  JOHNSON & JOHNSON
     BY SERVING THE SECRETARY OF STATE
     OFFICE OF THE SECRETARY OF STATE
     CITATIONS UNIT - P.O. BOX 12079
     AUSTIN, TX, 78711

RECEIVED
MAR 17 2016
@ 10:00 AM

CITATION

No.: DC-16-02500

MARITZA ORTIZ, ET AL
VS.
JOHNSON & JOHNSON, ET AL

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **MARITZA ORTIZ**

Filed in said Court 29th day of February, 2016 against
**JOHNSON & JOHNSON**

For suit, said suit being numbered   DC-16-02500  the nature of which demand is as follows:
Suit On  **OTHER (CIVIL)** etc.

as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office on this the **8th day of March, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas County, Texas

                                    , Deputy
                PATRICIA ELLIOTT

ISSUED
ON THIS THE 8TH DAY OF MARCH,
2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **PATRICIA ELLIOTT**, Deputy

Attorney for : Plaintiff
TIM K. GOSS
3031 ALLEN ST. STE. 200
DALLAS, TX 75204
214-761-6610

FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

2016 MAR 30 PM 12: 57
FILED

**OFFICER'S RETURN
FOR INDIVIDUALS**

Cause No. DC-16-02500

Court No: 116th District Court

Style: MARITZA ORTIZ, et al
vs.
JOHNSON & JOHNSON, et al

Received this Citation the __17th__ day of __March__, 20 16 at __10:00 AM__ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _____ day of_____, 20 ____ at _____ o'clock ___.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ____, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.

| | |
|---|---|
| For Serving Citation | $_____ |
| For Mileage | $_____ |
| For Notary | $_____ |
| Total Fees | $_____ |

Sheriff _____
County of _____
State _____
By_____

*AFFIDAVIT ATTACHED*

(Must be verified if served outside the State of Texas)
State of _____
County of_____
Signed and sworn to me by the said_____ before me this_____ day of _____, 20 ____, to certify which witness my hand and seal of office.

_____

_____        Seal        State & County of _____

# RETURN OF SERVICE

### Cause No. DC-16-02500

In The 116th Judicial District Court of
Dallas County, Texas

MARITZA ORTIZ
    Plaintiff

V.

JOHNSON & JOHNSON,
AND ETHICON, INC.
    Defendant

Came to hand on March 17, 2016, at 10:00 AM.

Executed at 1019 Brazos St., 1st Floor, Austin, TX 78701, within the County of Travis at 12:36 PM on March 17, 2016, by delivering to the within named:

### JOHNSON & JOHNSON,

by delivering to THE TEXAS SECRETARY OF STATE, by and through its designated agent, LIZ CORDELL, true duplicate copies of this Citation together with Plaintiffs' Original Petition including Exhibit 1, having first endorsed upon both copies of such process the date of delivery, and tendering the $55 Statutory Fee.

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103, 501 and 501.2 of the TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the abovereferenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the abovereferenced cause.

By: _____
    Jeff Keyton
    SCH-735, Exp: 7/31/2017

### VERIFICATION

STATE OF TEXAS    §
COUNTY OF TRAVIS    §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Jeff Keyton, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
    Given under my hand and seal of office this March 21, 2016.

_____
NOTARY PUBLIC, STATE OF TEXAS

16-019510/076-0166

HELEN LUPERCIO
Notary Public, State of Texas
Comm. Expires 11-04-2019
Notary ID 130429927

EXHIBIT A-9

EXHIBIT A-9

DALLAS COU
3/31/2016 11:43:3
FELICIA P
DISTRICT CL

## CAUSE NO. DC-16-02500

| | | |
|---|---|---|
| MARITZA ORTIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 116th JUDICIAL DISTRICT |
| | § | |
| JOHNSON & JOHNSON, and ETHICON, | § | |
| INC., | § | |
| | § | |
| Defendants. | | DALLAS COUNTY, TEXAS |

MARITZA ORTIZ,

Plaintiff,

v.

JOHNSON & JOHNSON, and ETHICON, INC.,

Defendants.

§§§§§§§§§

IN THE DISTRICT COURT

116th JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

## DEFENDANT ETHICON, INC.'S SPECIAL APPEARANCE

Under Texas Rule of Civil Procedure 120a, Defendant Ethicon, Inc. ("Ethicon") files this Special Appearance and asks the Court to dismiss all claims in this case that have been asserted against Ethicon by all Plaintiffs, except those of Plaintiff Maritza Ortiz.

## INTRODUCTION

In their Original Petition, Plaintiffs allege that Ethicon "engaged in the business of placing medical devices into the stream of commerce by designing, manufacturing, marketing, packaging, labeling, and selling such devices . . . ." (Orig. Pet. ¶ 12.) Specifically, Plaintiffs allege that Ethicon designed, manufactured, marketed, packaged, labeled, and sold products known as Ethicon Artisyn Mesh, Mersilene Mesh, Ultrapro Mesh, Prolene Mesh, Vicryl Mesh, Gynecare Prosima, Gynecare Prolift, Gynecare Prolift +M, Gynecare Gynemesh, Gynecare TVT, Gynecare TVT-O, Gynecare TVT-S, Gynecare TVT-Abbrevo, and Gynecare TVT Exact (the "Pelvic Mesh Products"). (*Id.*).

The sole named Plaintiff in the case caption and the text of the Original Petition is Maritza Ortiz, who alleges that she is a resident citizen of Texas. (Orig. Pet. ¶ 2). The remaining Plaintiffs are listed in Exhibit 1 to the Original Petition ("Exhibit 1 Plaintiffs").

1

*See* Orig. Pet., Exhibit 1. With respect to the Exhibit 1 Plaintiffs, the Original Petition contains no allegations about their resident citizenship or that any of them were implanted with Pelvic Mesh Products in Texas.

Finally, Ethicon's place of incorporation and principal place of business are located in New Jersey—not Texas. *See* Affidavit of Rosa Amaral Ryan, attached hereto as Exhibit A.

<u>**Arguments**</u>

Rule 120a authorizes a defendant to make a special appearance to object that the Court has no personal jurisdiction over the defendant. *See* Tex. R. Civ. P. 120a(1). "A special appearance may be made as to an entire proceeding or as to any severable claim involved therein." *Id.*

None of the Exhibit 1 Plaintiffs has alleged sufficient facts to invoke personal jurisdiction over Ethicon in Texas. Thus, Ethicon has defeated personal jurisdiction as to all of the Exhibit 1 Plaintiffs, and the Court should dismiss all claims of those Plaintiffs. The Court lacks personal jurisdiction over Ethicon as to the Exhibit 1 Plaintiffs, because their alleged claims do not arise out of any specific contacts by Ethicon within the State of Texas and because Ethicon is not subject to the Court's general *in personam* jurisdiction. The attempt by each one of these Exhibit 1 Plaintiffs to assert personal jurisdiction over Ethicon for his or her individual claims violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See, e.g., Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014); *followed, Evans v. Johnson & Johnson*, 2014 WL 7342404, at *4–6 (S.D. Tex. Dec. 23, 2014); *Walden v. Fiore*, 134 S. Ct. 1115, 1121–23 (2014).

1. *The Court lacks specific jurisdiction over Ethicon with respect to the claims of the Exhibit 1 Plaintiffs.*

"When specific jurisdiction is asserted, the cause of action must arise out of or relate to the nonresident defendant's contact with the forum state in order to satisfy the minimum contacts requirement." *Guardian Royal Exch. Assur., Ltd v. English China Clays*, P.L.C., 815 S.W.2d 223, 227 (Tex. 1991). The claims of the Exhibit 1 Plaintiffs, as alleged by them, do not arise out of any acts that Ethicon committed within Texas or purposefully directed at Texas. Nor are there any allegations that the Exhibit 1 Plaintiffs' implant operations were performed in Texas.

The Texas Supreme Court has "consistently held that the plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of the Texas long-arm statute." *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). When "the plaintiff fails to plead facts bringing the defendant within reach of the long-arm statute (i.e., for a tort claim, that the defendant committed tortious acts in Texas), the defendant need only prove that it does not live in Texas to negate jurisdiction." *Id.*

None of the Exhibit 1 Plaintiffs has pleaded sufficient allegations to bring Ethicon within the reach of the Texas long-arm statute with respect to the individual claims asserted by those respective Plaintiffs. Jurisdiction as to one Plaintiff's claims is not jurisdiction as to all Plaintiffs' claims; instead, specific jurisdiction is evaluated on a claim-by-claim basis. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006); *followed, Barnhill v. Automated Shrimp Corp.*, 222 S.W.3d 756, 767 (Tex. App.—Waco 2007, no pet.). None of the Exhibit 1 Plaintiffs has alleged that he or she

3

resides in Texas or that her respective Pelvic Mesh Product was implanted in Texas. As a result, Ethicon has defeated specific jurisdiction as to all of the Exhibit 1 Plaintiffs merely by establishing that it is a citizen and resident of New Jersey. *See* Affidavit of Rosa Amaral Ryan.

   2.   ***The Court lacks general jurisdiction over Ethicon.***

Ethicon is not subject to general jurisdiction in this Court. The United States Supreme Court has made clear that "only a limited set of affiliations with a forum" will support the exercise of general jurisdiction over a defendant. *Daimler*, 134 S. Ct. at 760. "With respect to a corporation, the place of incorporation and principal place of business are 'paradigm bases for general jurisdiction.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)). That is where "the corporation is fairly regarded as at home." *Id.*

Here, Ethicon is not incorporated in Texas, nor is its principal place of business in Texas. Instead, Ethicon's principal place of business and state of incorporation is New Jersey. *See* Affidavit of Rosa Amaral Ryan. The Original Petition acknowledges this. (*See* Orig. Pet. ¶ 5). Accordingly, under *Daimler*, Ethicon is not subject to general jurisdiction in Texas, regardless of whether Ethicon has certain other contacts with the State. *See Daimler*, 134 S. Ct. at 762; *followed*, *Evans v. Johnson & Johnson*, 2014 WL 7342404, at *4–6 (S.D. Tex. Dec. 23, 2014).

4

## PRAYER

For the aforementioned reasons, Ethicon asks the Court to dismiss all of the alleged claims of the Exhibit 1 Plaintiffs for lack of personal jurisdiction — that is, all claims except for those alleged by Plaintiff Maritza Ortiz.

Respectfully submitted,

CHERRY PETERSEN LANDRY ALBERT LLP

By: /s/ Scott P. Stolley

Scott P. Stolley
Texas Bar No. 19284350
Email: sstolley@cplalaw.com
Kartik R. Singapura
Texas Bar No. 24083863
Email: ksingapura@cplalaw.com

8350 North Central Expressway,
Suite 1500
Dallas, Texas   75206
(214) 265-7007 Telephone
(214) 265-7008 Facsimile

ATTORNEYS FOR DEFENDANT
ETHICON, INC.

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via eFileTexas.gov to Plaintiffs' counsel, as set forth below, on this the 31st day of March, 2016.

Tim K. Goss
tim@freeseandgoss.com
Tamara L. Banno
tammy@freeseandgoss.com
Freese & Goss, PLLC
3031 Allen Street, Suite 200
Dallas, Texas 75204

David P. Matthews
dmatthews@thematthewslawfirm.com
Julie L. Rhoades
jrhoades@thematthewslawfirm.com
Matthews and Associates
2509 Sackett Street
Houston, Texas 77098

/s/ Scott P. Stolley
Scott P. Stolley

6

EX. A

CAUSE NO. DC-16-02500

| | | |
|---|---|---|
| MARITZA ORTIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 116th JUDICIAL DISTRICT |
| | § | |
| JOHNSON & JOHNSON, and ETHICON, | § | |
| INC., | § | |
| | § | |
| Defendants. | | DALLAS COUNTY, TX |

AFFIDAVIT OF ROSA AMARAL RYAN

| | |
|---|---|
| State of New Jersey | § |
| | § |
| County of Somerset | § |

BEFORE ME, the undersigned authority on this day personally appeared Rosa Amaral Ryan on whose oath deposed the following:

1.    My name is Rosa Amaral Ryan. I am over the age of 18 years and of sound mind, have never been convicted of a felony or crime involving moral turpitude, and am otherwise competent to make this Affidavit.

2.    I am and have been an Assistant Secretary for Ethicon, Inc. for 3 years. I have personal knowledge of all the facts set forth in this Affidavit based upon information obtained from various sources, including my own personal knowledge and experience as Assistant Secretary, and Ethicon, Inc.'s corporate records, documents obtained by Ethicon, Inc. in the regular course of business, and other information I obtained in the ordinary course of business and the facts are true and correct. I make this Affidavit based on my

7

own personal knowledge and my review of reliable business records and other sources of information as to the following facts and circumstances.

3.     Defendant Ethicon, Inc. is not incorporated in Texas. Its principal place of business is not Texas. Ethicon Mesh products are sold in all fifty states.

4.     Ethicon, Inc. is a business corporation incorporated under the laws of New Jersey. It has its principal place of business in Somerville, New Jersey.

5.     I have read Defendant Ethicon, Inc.'s Special Appearance in the above-captioned case and verify that the facts stated therein are true and correct.

Further, Affiant sayeth naught.

Signed on this 30th day of March, 2016.

SUBSCRIBED AND SWORN TO BEFORE ME by said Rosa Amaral Ryan on this 30th day of March, 2016, to certify which witness my hand and seal of office.

Notary Public in/and for the State of New Jersey

My Commission Expires:

SARINA URBAN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 3/10/2018

8

# EXHIBIT A-10

EXHIBIT A-10

DALLAS COL
3/31/2016 12:17:0
FELICIA P
DISTRICT Cl

Tonya Pointer

CAUSE NO. DC-16-02500

| | | |
|---|---|---|
| MARITZA ORTIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 116th JUDICIAL DISTRICT |
| | § | |
| JOHNSON & JOHNSON, and ETHICON, | § | |
| INC., | § | |
| | § | |
| Defendants. | | DALLAS COUNTY, TEXAS |

## DEFENDANT ETHICON, INC.'S ORIGINAL ANSWER AND DEFENSES SUBJECT TO ETHICON, INC.'S SPECIAL APPEARANCE

Subject to and without waiving its special appearance, Defendant Ethicon, Inc. ("Ethicon") files this Answer to Plaintiffs' Original Petition ("Petition"), and respectfully shows the Court the following:

### I. GENERAL DENIAL

1.    In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant Ethicon generally denies each and every allegation and claim in Plaintiffs' Petition, and demands strict proof thereof.

### II. OTHER DEFENSES

2.    The Petition fails to state a cause of action upon which relief can be granted, due to lack of adequate product identification.

3.    Under the Supremacy Clause of the United States Constitution, Plaintiffs' claims are preempted by federal law, including the Medical Device Amendments, 21 U.S.C. §§ 360k(a), *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.* Plaintiffs' claims are also preempted because the products at issue are regulated by the U.S. Food and Drug Administration ("FDA") under the Medical Device Amendments, 21 U.S.C. §§ 360k, *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and other

federal statutes and regulations. Plaintiffs' claims are preempted by the regulations promulgated by the FDA at Title 21 of the Code of Federal Regulations as well. *See* 21 U.S.C. §§ 301, *et seq.*; 71 Fed. Reg. 3922 (Jan. 24, 2006).

4.    At all relevant times, Ethicon was in full compliance with all applicable federal statutes and regulations, including but not limited to, the Medical Device Amendments, 21 U.S.C. §§ 360k, *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and other federal statutes and regulations, and Plaintiffs' claims accordingly fail.

5.    Ethicon is entitled to a presumption that it is not liable for any injury to Plaintiffs, because the products at issue complied with all federal mandatory safety standards and regulations that were applicable to the products at the time of manufacture and that govern the product risk that allegedly caused Plaintiffs' harm. *See* TEX. CIV. PRAC. & REM. CODE § 82.008(a). Ethicon is also entitled to the presumption that it is not liable for any injury allegedly caused by some aspect of the formulation, labeling, or design of the products at issue, because (1) those products were subject to pre-market licensing or approval by the federal government, or an agency of the federal government, (2) the manufacturer complied with all of the government's or agency's procedures and requirements with respect to pre-market licensing or approval, and (3) after full consideration of the product's risks and benefits, the product was approved or licensed for sale by the government or agency. *Id.* § 82.008(c).

6.    Plaintiffs' claims for exemplary and/or punitive damages are barred, in whole or in part, by the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, *et seq.*

7.    Plaintiffs' claims are barred and/or limited by the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, *et seq.*

8. Plaintiffs' claims fail in whole or in part, because of Plaintiffs' failure to assert, and inability to prove, a safer alternative design for any of the products at issue.

9. Plaintiffs' claims fail in whole or in part because the products at issue provided a benefit to users of such products that greatly outweighed any risk created by using such products, any risk could not have been avoided through the use of the highest standards of scientific and technical knowledge available at the time, the benefit provided to users could not be achieved in another manner with less risk, and adequate warnings concerning the risk were provided.

10. Ethicon made no express or implied representations or warranties of any kind to Plaintiffs. There could be no reliance by Plaintiffs or Plaintiffs' physicians, as no representations or warranties were made. In the unlikely event that Ethicon is found to have made representations or warranties, which Ethicon denies, Ethicon did not breach any such warranties or representations. To the extent Plaintiffs claim to have relied upon any representations or warranties by Ethicon, such reliance was unjustified, and Plaintiffs' claims are barred by applicable law, by the lack of privity between Plaintiffs and Ethicon, and by Plaintiffs' failure to give Ethicon timely notice of the alleged breach of warranty and an opportunity to cure.

11. In the alternative, Ethicon specifically pleads, as to any breach-of-warranty claim, all defenses available to Ethicon under the Uniform Commercial Code, as enacted in the State of Texas or any other state whose law is deemed to apply in this case, and under the common law principles of any state whose law is deemed to apply in this case.

12. The injuries and damages allegedly suffered in this action, which are denied, were not foreseeable to Ethicon given the state-of-scientific knowledge and state-of-the-art at the time of the alleged injuries. At all times relevant, the products at issue conformed to state-

DEFENDANT ETHICON, INC.'S ORIGINAL ANSWER AND DEFENSES SUBJECT TO
ETHICON, INC.'S SPECIAL APPEARANCE — PAGE 3

of-the-art specifications and state-of-scientific knowledge for such products, as well as all applicable statutes and regulations, including those of the FDA.

13.     Plaintiffs' claims fail, in whole or in part, because Ethicon acted in good faith at all relevant times and gave adequate warnings of all known or reasonably knowable risks associated with the use of its products.

14.     At all relevant times herein, the products in question were manufactured and distributed with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time. Plaintiffs' claims fail in whole or in part because the products at issue were at all times properly prepared, packaged, and distributed, and were not defective or unreasonably dangerous. Adequate and complete warnings and instructions were provided with the products at issue. The products at issue were neither defective nor unreasonably dangerous when used according to the applicable Instructions for Use.

15.     At all relevant times, the warnings and instructions accompanying the products at issue were governed by and were in conformity with applicable federal statutes, rules and regulations; therefore, warnings and instructions relating to the products were presumptively adequate.

16.     Plaintiffs' causes of action against Ethicon are barred by the learned intermediary doctrine.

17.     Ethicon is not liable to Plaintiffs because the end users of the products at issue, Plaintiffs' physician(s), were sophisticated users of the products.

18.     The sole proximate cause of the injuries or damages alleged by Plaintiffs was the actions, omissions, or negligence of non-party persons or entities for whose actions, omissions,

or negligence Ethicon is in no way liable and to whom Ethicon is wholly unrelated. Plaintiffs are not, therefore, entitled to recover from Ethicon in this action. As to Plaintiffs or to any other non-party entity or person whose conduct or intervening negligence contributed to the alleged injuries or damages of Plaintiffs, if any, Ethicon expressly pleads the doctrines of comparative fault and comparative negligence, as well as the provisions of any applicable comparative fault or comparative negligence or contributory negligence statute, law, or policy of Texas and any other applicable state.

19.     Proximate cause is the proper causation standard for all of Plaintiffs' causes of action. In any event, Ethicon's conduct was not the proximate or producing cause of the injuries and damages alleged by Plaintiffs.

20.     Plaintiffs' alleged injuries, losses, or damages attributable to the products at issue in this case, if any, were not legally caused by the products at issue, but instead were legally caused by pre-existing, intervening and superseding, or new and independent causes or circumstances.

21.     Plaintiffs' alleged injuries, losses, or damages attributable to the products at issue in this case, if any, were caused by the acts or omissions of third parties not currently named in this suit for which Ethicon has no legal responsibility. The sole cause of the alleged injuries is the acts or omissions of a person or entity not a party to the suit.

22.     Ethicon expressly denies that any third party engaging in the acts alleged by Plaintiffs was acting as Ethicon's agent or servant, at the instruction of Ethicon, or within its control. Therefore, Plaintiffs' claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

23.     Plaintiffs' claims are or may be barred by their failure to comply with conditions precedent to their right to recover.

24.     Plaintiffs' claims against Ethicon are barred by the doctrines of equitable estoppel, laches, consent, waiver, informed consent, release, unclean hands, res judicata, and collateral estoppel.

25.     Some or all of Plaintiffs' claims may be barred by the statutes of limitations, statutes of prescription, or statutes of repose of Texas or any other applicable state.

26.     To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA or any other conduct described in TEX. CIV. PRAC. & REM. CODE § 82.008(b) or (c)(1) or (2), such claims are barred by *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001). *See, e.g., Lofton v. McNeil Consumer & Specialty Pharms.*, 672 F.3d 372, 380 (5th Cir. 2012) (holding that TEX. CIV. PRAC. & REM. CODE § 82.007(b)(1) is pre-empted by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*); *Gonzalez v. Bayer Healthcare Pharms. Inc.*, 930 F. Supp. 2d 808 (S.D. Tex. 2013) (same).

27.     Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

28.     The sale, labeling and marketing of the products at issue in this litigation are not, and were not, likely to mislead or deceive the public.

29.     In the event that the products at issue were altered after the products left the control, custody, and possession of Ethicon, those alterations relieve Ethicon of any and all liability.

30.     Any strict liability cause of action for relief is subject to the limitations set forth in Restatement (Second) of Torts, Section 402A, comment k.

31.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims by any means. In addition, any recovery by Plaintiffs must be reduced or offset by all amounts paid, payable by, or available from collateral sources.

32.    Plaintiffs' claims for medical or health care expenses are limited to the amount actually paid or incurred by or on their behalf. *See* TEX. CIV. PRAC. & REM. CODE § 41.015.

33.    Plaintiffs' claims for certain elements of damages (*e.g.*, loss of wage earning capacity, etc.) should be reduced or adjusted to account for income tax payments and unpaid tax liability pursuant to federal income tax law and any applicable state law.

34.    The Petition fails to state facts sufficient to entitle Plaintiffs to an award of punitive or exemplary damages, because no harm for which Plaintiffs seek recovery in this matter resulted from fraud, malice, or gross negligence of Ethicon. TEX. CIV. PRAC. & REM. CODE § 41.003.

35.    Plaintiffs' Petition fails to state a claim upon which relief can be granted as to costs, exemplary damages, prejudgment interest, or post-judgment interest.

36.    The imposition of punitive or exemplary damages would violate Ethicon's constitutional rights, including but not limited to, those under the due-process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States; the equivalent or correlative applicable provisions for the Fifth and Fourteenth Amendments in the respective Constitutions, common law, public policy, applicable statutes and court rules of the applicable states; the excessive-fines clause in the Eighth Amendment to the Constitution of the United States; and the double-jeopardy clause in the Fifth Amendment to the Constitution of the United States. To the extent that punitive or exemplary damages awarded to Plaintiffs are (1) imposed

by a jury that is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive or exemplary damages award; is not adequately and clearly instructed on the limits on punitive and exemplary damages imposed by the principles of deterrence and punishment; is not expressly prohibited from awarding punitive and/or exemplary damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidious discriminatory characteristics, including the corporate status, wealth, or state of residence of defendant; or is permitted to award punitive and/or exemplary damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes exemplary damages permissible; (2) not subject to independent de novo review by the trial and appellate courts for reasonableness and the furtherance of legitimate purposes on the basis of objective legal standards and in conformity with the United States Constitution as amended or any applicable state constitution as amended; (3) imposed where state law is impermissibly vague, imprecise, or inconsistent; (4) subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; or (5) imposed on the basis of anything other than Ethicon's conduct within the state where each plaintiff resides, or in any other way subject Ethicon to impermissible multiple punishment for the same alleged wrong, such an award of punitive damages would violate the Fourteenth Amendment due-process rights of Ethicon.

37.    Ethicon specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive and exemplary damage awards as applied to the state and federal courts of the applicable states under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

38.     With respect to Plaintiffs' demand for punitive and exemplary damages, Ethicon specifically incorporates by reference all standards and limitations regarding the determination and enforceability of exemplary and punitive damage awards that arise under *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and their progeny, as applied by the federal courts of appeals, together with all such standards applicable under Texas or any other state's law.

39.     In the event the Court finds that New Jersey punitive damages law does not apply, Ethicon invokes the provisions of all applicable statutory caps on damages of any sort, including punitive, non-economic or exemplary damages, under the laws of Texas or the applicable states. TEX. CIV. PRAC. & REM. CODE § 41.008.

40.     Ethicon hereby gives notice that it intends to rely upon and incorporate by reference any affirmative defenses that may be asserted by any co-defendant in this lawsuit.

41.     Plaintiffs' alleged causes of action have been improperly joined under the Texas Rules of Civil Procedure and the laws of Texas.

42.     Ethicon reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery or as the result of any subsequent pleadings filed in these proceedings, including the defense of improper venue.

### III. DEMAND FOR JURY TRIAL

43.     Ethicon requests that this matter be heard by a jury.

## IV. SPECIAL EXCEPTIONS

44.     Ethicon specially excepts to Plaintiffs' failure to plead their damages amounts as required by Tex. R. Civ. P. 47(c). Ethicon requests that the Court grant this special exception and require Plaintiffs to replead within 14 days to state their damages amounts in compliance with Rule 47(c).

45.     Ethicon specially excepts to Plaintiffs' failure to plead their residency, as required by Tex. R. Civ. P. 79. Ethicon requests that the Court grant this special exception and require Plaintiffs to replead within 14 days to state their state of residence and, if they are a resident of Texas, the county of their residence.

46.     Ethicon requests that the Court's order state that if Plaintiffs fail to replead within 14 days to cure the pleading defects raised by these special exceptions, then the case will be automatically dismissed.

## V. PRAYER

Subject to Ethicon's special appearance, Ethicon respectfully requests that the Court enter a judgment that: (i) Plaintiffs take nothing on their claims against Ethicon; (ii) all of Plaintiffs' claims and causes of action against Ethicon be dismissed with prejudice; and (iii) Ethicon recover its court costs from Plaintiffs. Ethicon also requests that the Court grant its special exceptions, as pleaded in Section IV, above. Ethicon further requests general relief.

Respectfully submitted,

CHERRY PETERSEN LANDRY ALBERT LLP


By: /s/ Scott P. Stolley
       Scott P. Stolley
       Texas Bar No. 19284350
       Email: sstolley@cplalaw.com
       Kartik R. Singapura
       Texas Bar No. 24083863
       Email: ksingapura@cplalaw.com

       8350 North Central Expressway,
       Suite 1500
       Dallas, Texas   75206
       (214) 265-7007 Telephone
       (214) 265-7008 Facsimile


       ATTORNEYS FOR DEFENDANT
       ETHICON, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via eFileTexas.gov to Plaintiffs' counsel, as set forth below, on this the 31 day of March, 2016.

Tim K. Goss
tim@freeseandgoss.com
Tamara L. Banno
tammy@freeseandgoss.com
Freese & Goss, PLLC
3031 Allen Street, Suite 200
Dallas, Texas 75204

David P. Matthews
dmatthews@thematthewslawfirm.com
Julie L. Rhoades
jrhoades@thematthewslawfirm.com
Matthews and Associates
2509 Sackett Street
Houston, Texas 77098

/s/ Scott P. Stolley
Scott P. Stolley

DEFENDANT ETHICON, INC.'S ORIGINAL ANSWER AND DEFENSES SUBJECT TO
ETHICON, INC.'S SPECIAL APPEARANCE — PAGE 12

EXHIBIT A-11

EXHIBIT A-11

DALLAS COU
4/1/2016 11:20:1
FELICIA P
DISTRICT CL

CAUSE NO. DC-16-02500

| | | |
|---|---|---|
| MARITZA ORTIZ, ET. AL., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 116th JUDICIAL DISTRICT |
| | § | |
| JOHNSON & JOHNSON, and | § | |
| ETHICON, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

**NOTICE OF NONSUIT WITHOUT PREJUDICE OF THE CLAIMS OF CERTAIN PLAINTIFFS LISTED ON EXHIBIT 1 OF PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, and file this Notice of Nonsuit Without Prejudice of the Claims of Certain Plaintiffs Listed on Exhibit 1 of Plaintiffs' Original Petition, and in support thereof, would respectfully show the Court as follows:

I.

Plaintiffs hereby provide Notice of Nonsuit Without Prejudice of the claims of ONLY Certain Plaintiffs listed on Exhibit 1 of Plaintiffs' Original Petition. The Plaintiffs seeking Nonsuit of their claims against the Defendants in this matter are as follows:

1. Tosha Farris
2. Lynda Barcroft
3. LaVonda Murphy
4. Mary Jane Wooley
5. Rebecca Tarango
6. Sandra Wendell
7. Deborah Ann Washington
8. Karen Danaher
9. Emily Brown

The claims of the remaining Plaintiffs included in Plaintiffs' Original Petition and Exhibit 1 of Plaintiffs' Original Petition shall remain against the Defendants.

## II.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court Nonsuit Without Prejudice the claims of the nine (9) Plaintiffs listed above.

Respectfully Submitted,

Tim K. Goss
Texas Bar No. 08222660
tim@freeseandgoss.com
Tamara L. Banno
Texas Bar No. 24012240
tbanno@tlb-law.com
FREESE & GOSS, PLLC
3031 ALLEN ST., STE. 200
DALLAS, TX 75204
Phone: 214-761-6610
Fax: 214-761-6688

David P. Matthews
Texas Bar No. 13206200
dmatthews@thematthewslawfirm.com
Julie L. Rhoades
Texas Bar No. 16811710
jrhoades@thematthewslawfirm.com
MATTHEWS AND ASSOCIATES
2509 SACKETT ST.
HOUSTON, TX 77098
Phone: 713-522-5250
Fax: 713-535-7184

**ATTORNEYS FOR PLAINTIFFS**

EXHIBIT A-12

EXHIBIT A-12

DALLAS COU
4/6/2016 10:15:33
FELICIA PI
DISTRICT CLI

## CAUSE NO. DC-16-02500

| | | |
|---|---|---|
| MARITZA ORTIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | 116TH JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| JOHNSON & JOHNSON, and ETHICON, | § | |
| INC., | § | |
| | § | DALLAS COUNTY, TEXAS |
| Defendants. | | |

## DEFENDANT JOHNSON & JOHNSON'S SPECIAL APPEARANCE

Under Texas Rule of Civil Procedure 120a, Defendant Johnson & Johnson ("J&J") files this Special Appearance and asks the Court to dismiss all claims in this case that have been asserted against J&J.

## INTRODUCTION

In their Original Petition, Plaintiffs allege that J&J "engaged in the business of placing medical devices into the stream of commerce by designing, manufacturing, marketing, packaging, labeling, and selling such devices . . . ." (Orig. Pet. ¶ 12). Specifically, Plaintiffs allege that J&J designed, manufactured, marketed, packaged, labeled, and sold products known as Ethicon Artisyn Mesh, Mersilene Mesh, Ultrapro Mesh, Prolene Mesh, Vicryl Mesh, Gynecare Prosima, Gynecare Prolift, Gynecare Prolift +M, Gynecare Gynemesh, Gynecare TVT, Gynecare TVT-O, Gynecare TVT-S, Gynecare TVT-Abbrevo, and Gynecare TVT Exact (the "Pelvic Mesh Products"). (*Id.*).

This allegation is incorrect. J&J does not design, manufacture, market, package, label, or sell pelvic mesh products or any other product. *See* Affidavit of John K. Kim ¶ 3, attached hereto as Exhibit A. Moreover, J&J's place of incorporation and principal place

1

of business are located in New Jersey—not Texas. *See id ¶ 5.* Thus, there is no basis for jurisdiction over J&J in this Court.

## Arguments

Rule 120a authorizes a defendant to make a special appearance to object that the Court has no personal jurisdiction over the defendant. *See* Tex. R. Civ. P. 120a(1). "A special appearance may be made as to an entire proceeding or as to any severable claim involved therein." *Id.*

No Plaintiff has alleged sufficient facts to invoke personal jurisdiction over J&J in Texas. Thus, J&J has defeated personal jurisdiction as to all Plaintiffs, and the Court should dismiss all of their claims. The Court lacks personal jurisdiction over J&J as to each Plaintiff, because none of their alleged claims arise out of any specific contacts by J&J within the State of Texas and because J&J is not subject to the Court's general *in personam* jurisdiction. The attempt by each Plaintiff to assert personal jurisdiction over J&J for his or her individual claims violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See e.g., Daimler AG v. Bauman,* 134 S. Ct. 746, 760 (2014); *followed, Evans v. Johnson & Johnson,* 2014 WL 7342404, at *4–6 (S.D. Tex. Dec. 23, 2014); *Walden v. Fiore,* 134 S. Ct. 1115, 1121–23 (2014).

1.    *The Court lacks specific jurisdiction over J&J.*

"When specific jurisdiction is asserted, the cause of action must arise out of or relate to the nonresident defendant's contact with the forum state in order to satisfy the minimum contacts requirement." *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 227 (Tex. 1991). Plaintiffs' claims, as alleged by them, do

not arise out of any acts that J&J committed within Texas or purposefully directed at Texas. None of the Plaintiffs allege that they were implanted with a Pelvic Mesh Product in Texas. And as noted above, J&J does not design, manufacture, market, package, label, or sell pelvic mesh products or any other product. Thus, J&J cannot be susceptible to jurisdiction in Texas for Plaintiffs' claims related to Pelvic Mesh Products.

Furthermore, the Texas Supreme Court has "consistently held that the plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of the Texas long-arm statute." *Kelly v. Gen. Interior Const., Inc.,* 301 S.W.3d 653, 658 (Tex. 2010). When "the plaintiff fails to plead facts bringing the defendant within reach of the long-arm statute (i.e., for a tort claim, that the defendant committed tortious acts in Texas), the defendant need only prove that it does not live in Texas to negate jurisdiction." *Id.* J&J is a business corporation incorporated under the laws of New Jersey and has its principal place of business in New Jersey. *See* Affidavit of John K. Kim ¶ 5. It does not design, manufacture, market, package, label, or sell pelvic mesh products or any other product. *Id.* ¶ 3. As a result, J&J has defeated specific jurisdiction as to all Plaintiffs' claims.

2.      *The Court lacks general jurisdiction over J&J.*

J&J is likewise not subject to general jurisdiction in this Court. The United States Supreme Court has made clear that "only a limited set of affiliations with a forum" will support the exercise of general jurisdiction over a defendant. *Daimler,* 134 S. Ct. at 760. "With respect to a corporation, the place of incorporation and principal place of business are 'paradigm bases for general jurisdiction.'" *Id.* (quoting *Goodyear Dunlop*

3

*Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)). That is where "the corporation is fairly regarded as at home." *Id.*

Here, J&J is not incorporated in Texas, nor is its principal place of business in Texas. Instead, J&J's principal place of business and state of incorporation is New Jersey. *See* Affidavit of John K. Kim ¶ 4-5. The Original Petition acknowledges this. (*See* Orig. Pet. ¶ 4). Accordingly, under *Daimler*, J&J is not subject to general jurisdiction in Texas, regardless of whether J&J has certain other contacts with the State. *See Daimler*, 134 S. Ct. at 762; *followed*, *Evans v. Johnson & Johnson*, 2014 WL 7342404, at *4–6 (S.D. Tex. Dec. 23, 2014).

## PRAYER

Because neither specific nor personal jurisdiction exists over J&J in Texas, J&J asks the Court to dismiss Plaintiffs' claims for lack of personal jurisdiction.

Respectfully submitted,

**CHERRY PETERSEN LANDRY ALBERT LLP**

By: /s/ Scott P. Stolley

Scott P. Stolley
Texas Bar No. 19284350
Email: sstolley@cplalaw.com
Kartik R. Singapura
Texas Bar No. 24083863
Email: ksingapura@cplalaw.com

8350 North Central Expressway,
Suite 1500
Dallas, Texas   75206
(214) 265-7007 Telephone
(214) 265-7008 Facsimile

4

ATTORNEYS FOR DEFENDANT
ETHICON, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via eFileTexas.gov to Plaintiffs' counsel, as set forth below, on this the ⟨11⟩ day of April, 2016.

> Tim K. Goss
> tim@freeseandgoss.com
> Tamara L. Banno
> tammy@freeseandgoss.com
> Freese & Goss, PLLC
> 3031 Allen Street, Suite 200
> Dallas, Texas 75204
>
> David P. Matthews
> dmatthews@thematthewslawfirm.com
> Julie L. Rhoades
> jrhoades@thematthewslawfirm.com
> Matthews and Associates
> 2509 Sackett Street
> Houston, Texas 77098

> /s/ Scott P. Stolley
> Scott P. Stolley

**EX. A**

## CAUSE NO. DC-16-02500

| | | |
|---|---|---|
| MARITZA ORTIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | 116TH JUDICIAL DISTRICT |

| MARITZA ORTIZ, | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | 116TH JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| JOHNSON & JOHNSON, and ETHICON, | § | |
| INC., | § | DALLAS COUNTY, TX |
| | § | |
| Defendants. | | |

## AFFIDAVIT OF JOHN K. KIM

| State of New Jersey | § |
|---|---|
| | § |
| County of Middlesex | § |

BEFORE ME, the undersigned authority on this day personally appeared John K. Kim on whose oath deposed the following:

1. My name is John K. Kim. I am over the age of 18 years and of sound mind, have never been convicted of a felony or crime involving moral turpitude, and am otherwise competent to make this Affidavit.

2. I am and have been the Assistant Secretary for Johnson & Johnson since April 25, 2013. I have personal knowledge of all the facts set forth in this Affidavit based upon information obtained from various sources, including my own personal knowledge and experience as Johnson & Johnson's Assistant Secretary, and Johnson & Johnson's corporate records, documents obtained by Johnson & Johnson in the regular course of business, and other information I obtained in the ordinary course of business. The facts stated in this Affidavit are true and correct. I make this Affidavit based on my own

7

personal knowledge and my review of reliable business records and other sources of information as to the following facts and circumstances.

3. Johnson & Johnson does not design, manufacture, market, package, label, or sell pelvic mesh products or any other product.

4. Defendant Johnson & Johnson is not incorporated in Texas, its principal place of business is not Texas, and it does not have a physical office in Texas dedicated to the design, manufacture, or marketing of any mesh product.

5. Johnson & Johnson is a business corporation incorporated under the laws of New Jersey. It has its principal place of business in New Brunswick, New Jersey.

6. I have read Defendant Johnson & Johnson's Special Appearance in the above captioned case and verify that the facts stated therein are true and correct.

Further, Affiant sayeth naught.

Signed this the ____ day of April, 2016.

_____
John K. Kim

SUBSCRIBED AND SWORN TO BEFORE ME by said John K. Kim on this 4 day of April, 2016, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of New Jersey

My Commission Expires:

_____

MONICA D. KINNEY
A NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES ON
JULY 6, 2019

8

EXHIBIT A-13

EXHIBIT A-13

DALLAS COU
4/6/2016 10:32:52
FELICIA PI
DISTRICT CLI

Jh'Mella Norman

## CAUSE NO. DC-16-02500

| | | |
|---|---|---|
| MARITZA ORTIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 116th JUDICIAL DISTRICT |
| | § | |
| JOHNSON & JOHNSON, and ETHICON, | § | |
| INC., | § | |
| | § | DALLAS COUNTY, TEXAS |
| Defendants. | | |

## DEFENDANT JOHNSON & JOHNSON'S ORIGINAL ANSWER AND DEFENSES SUBJECT TO JOHNSON & JOHNSON'S SPECIAL APPEARANCE

Subject to and without waiving its special appearance, Defendant Johnson & Johnson ("Johnson & Johnson") files this Answer to Plaintiffs' Original Petition ("Petition"), and respectfully shows the Court the following:

## I. GENERAL DENIAL

1.      In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant Johnson & Johnson generally denies each and every allegation and claim in Plaintiffs' Petition, and demands strict proof thereof.

## II. OTHER DEFENSES

2.      The Plaintiffs' claims against Johnson & Johnson are barred because Johnson & Johnson does not design, manufacture, market, package, label, or sell any product allegedly at issue in this case.

3.      The Petition fails to state a cause of action upon which relief can be granted, due to lack of adequate product identification.

4.      Under the Supremacy Clause of the United States Constitution, Plaintiffs' claims are preempted by federal law, including the Medical Device Amendments, 21 U.S.C. §§ 360k(a),

*et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.* Plaintiffs' claims are also preempted because the products at issue are regulated by the U.S. Food and Drug Administration ("FDA") under the Medical Device Amendments, 21 U.S.C. §§ 360k, *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and other federal statutes and regulations. Plaintiffs' claims are preempted by the regulations promulgated by the FDA at Title 21 of the Code of Federal Regulations as well. *See* 21 U.S.C. §§ 301, *et seq.*; 71 Fed. Reg. 3922 (Jan. 24, 2006).

5.     At all relevant times, Johnson & Johnson was in full compliance with all applicable federal statutes and regulations, including but not limited to, the Medical Device Amendments, 21 U.S.C. §§ 360k, *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and other federal statutes and regulations, and Plaintiffs' claims accordingly fail.

6.     Johnson & Johnson is entitled to a presumption that it is not liable for any injury to Plaintiffs, because the products at issue complied with all federal mandatory safety standards and regulations that were applicable to the products at the time of manufacture and that govern the product risk that allegedly caused Plaintiffs' harm. *See* TEX. CIV. PRAC. & REM. CODE § 82.008.

7.     Plaintiffs' claims for exemplary and/or punitive damages are barred, in whole or in part, by the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, *et seq.*

8.     Plaintiffs' claims are barred and/or limited by the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, *et seq.*

9.     Plaintiffs' claims fail in whole or in part, because of Plaintiffs' failure to assert, and inability to prove, a safer alternative design for any of the products at issue.

10.     Plaintiffs' claims fail in whole or in part because the products at issue provided a benefit to users of such products that greatly outweighed any risk created by using such products,

DEFENDANT JOHNSON & JOHNSON'S ORIGINAL ANSWER AND DEFENSES SUBJECT TO
JOHNSON & JOHNSON'S SPECIAL APPEARANCE — PAGE 2

any risk could not have been avoided through the use of the highest standards of scientific and technical knowledge available at the time, the benefit provided to users could not be achieved in another manner with less risk, and adequate warnings concerning the risk were provided.

11.    Johnson & Johnson made no express or implied representations or warranties of any kind to Plaintiffs. There could be no reliance by Plaintiffs or Plaintiffs' physicians, as no representations or warranties were made. In the unlikely event that Johnson & Johnson is found to have made representations or warranties, which Johnson & Johnson denies, Johnson & Johnson did not breach any such warranties or representations. To the extent Plaintiffs claim to have relied upon any representations or warranties by Johnson & Johnson, such reliance was unjustified, and Plaintiffs' claims are barred by applicable law, by the lack of privity between Plaintiffs and Johnson & Johnson, and by Plaintiffs' failure to give Johnson & Johnson timely notice of the alleged breach of warranty and an opportunity to cure.

12.    In the alternative, Johnson & Johnson specifically pleads, as to any breach-of-warranty claim, all defenses available to Johnson & Johnson under the Uniform Commercial Code, as enacted in the State of Texas or any other state whose law is deemed to apply in this case, and under the common law principles of any state whose law is deemed to apply in this case.

13.    The injuries and damages allegedly suffered in this action, which are denied, were not foreseeable to Johnson & Johnson, given the state-of-scientific knowledge and state-of-the-art at the time of the alleged injuries. At all times relevant, the products at issue conformed to state-of-the-art specifications and state-of-scientific knowledge for such products, as well as all applicable statutes and regulations, including those of the FDA.

14.    Plaintiffs' claims fail, in whole or in part, because Johnson & Johnson acted in good faith at all relevant times and gave adequate warnings of all known or reasonably knowable risks associated with the use of its products.

15.    At all relevant times herein, the products in question were manufactured and distributed with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time. Plaintiffs' claims fail in whole or in part, because the products at issue were at all times properly prepared, packaged, and distributed, and were not defective or unreasonably dangerous. Adequate and complete warnings and instructions were provided with the products at issue. The products at issue were neither defective nor unreasonably dangerous when used according to the applicable Instructions for Use.

16.    At all relevant times, the warnings and instructions accompanying the products at issue were governed by and were in conformity with applicable federal statutes, rules and regulations; therefore, warnings and instructions relating to the products were presumptively adequate.

17.    Plaintiffs' causes of action against Johnson & Johnson are barred by the learned intermediary doctrine.

18.    Johnson & Johnson is not liable to Plaintiffs, because the end users of the products at issue, Plaintiffs' physician(s), were sophisticated users of the products.

19.    The sole proximate cause of the injuries or damages alleged by Plaintiffs was the actions, omissions, or negligence of non-party persons or entities for whose actions, omissions, or negligence Johnson & Johnson is in no way liable and to whom Johnson & Johnson is wholly unrelated. Plaintiffs are not, therefore, entitled to recover from Johnson & Johnson in this case. As to Plaintiffs or to any other non-party entity or person whose conduct or intervening

DEFENDANT JOHNSON & JOHNSON'S ORIGINAL ANSWER AND DEFENSES SUBJECT TO
JOHNSON & JOHNSON'S SPECIAL APPEARANCE — PAGE 4

negligence contributed to the alleged injuries or damages of Plaintiffs, if any, Johnson & Johnson expressly pleads the doctrines of comparative fault and comparative negligence, as well as the provisions of any applicable comparative fault or comparative negligence or contributory negligence statute, law, or policy of Texas and any other applicable state.

20.    Proximate cause is the proper causation standard for all of Plaintiffs' causes of action. In any event, Johnson & Johnson's conduct was not the proximate or producing cause of the injuries and damages alleged by Plaintiffs.

21.    Plaintiffs' alleged injuries, losses, or damages attributable to the products at issue in this case, if any, were not legally caused by the products at issue, but instead were legally caused by pre-existing, intervening and superseding, or new and independent causes or circumstances.

22.    Plaintiffs' alleged injuries, losses, or damages attributable to the products at issue in this case, if any, were caused by the acts or omissions of third parties not currently named in this suit for which Johnson & Johnson has no legal responsibility. The sole cause of the alleged injuries is the acts or omissions of a person or entity not a party to the suit.

23.    Johnson & Johnson expressly denies that any third party engaging in the acts alleged by Plaintiffs was acting as Johnson & Johnson's agent or servant, at the instruction of Johnson & Johnson, or within its control. Therefore, Plaintiffs' claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

24.    Plaintiffs' claims are or may be barred by their failure to comply with conditions precedent to their right to recover.

25.   Plaintiffs' claims against Johnson & Johnson are barred by the doctrines of equitable estoppel, laches, consent, waiver, informed consent, release, unclean hands, res judicata, and collateral estoppel.

26.   Some or all of Plaintiffs' claims may be barred by the statutes of limitations, statutes of prescription, or statutes of repose of Texas or any other applicable state.

27.   To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA or any other conduct described in TEX. CIV. PRAC. & REM. CODE § 82.008(b) or (c)(1) or (2), such claims are barred by *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001). *See, e.g., Lofton v. McNeil Consumer & Specialty Pharms.*, 672 F.3d 372, 380 (5th Cir. 2012) (holding that TEX. CIV. PRAC. & REM. CODE § 82.007(b)(1) is pre-empted by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*); *Gonzalez v. Bayer Healthcare Pharms. Inc.*, 930 F. Supp. 2d 808 (S.D. Tex. 2013) (same).

28.   Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

29.   The sale, labeling and marketing of the products at issue in this litigation are not, and were not, likely to mislead or deceive the public.

30.   Any strict liability cause of action for relief is subject to the limitations set forth in Restatement (Second) of Torts, Section 402A, comment k.

31.   Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims by any means. In addition, any recovery by Plaintiffs must be reduced or offset by all amounts paid, payable by, or available from collateral sources.

32.   Plaintiffs' claims for medical or health care expenses are limited to the amount actually paid or incurred by or on their behalf. *See* TEX. CIV. PRAC. & REM. CODE § 41.015.

33.    Plaintiffs' claims for certain elements of damages (*e.g.*, loss of wage earning capacity, etc.) should be reduced or adjusted to account for income tax payments and unpaid tax liability pursuant to federal income tax law and any applicable state law.

34.    The Petition fails to state facts sufficient to entitle Plaintiffs to an award of punitive or exemplary damages, because no harm for which Plaintiffs seek recovery in this matter resulted from fraud, malice, or gross negligence of Johnson & Johnson. TEX. CIV. PRAC. & REM. CODE § 41.003.

35.    Plaintiffs' Petition fails to state a claim upon which relief can be granted as to costs, exemplary damages, prejudgment interest, or post-judgment interest.

36.    The imposition of punitive or exemplary damages would violate Johnson & Johnson's constitutional rights, including but not limited to, those under the due-process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States; the equivalent or correlative applicable provisions for the Fifth and Fourteenth Amendments in the respective Constitutions, common law, public policy, applicable statutes and court rules of the applicable states; the excessive-fines clause in the Eighth Amendment to the Constitution of the United States; and the double-jeopardy clause in the Fifth Amendment to the Constitution of the United States. To the extent that punitive or exemplary damages awarded to Plaintiffs are (1) imposed by a jury that is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive or exemplary damages award; is not adequately and clearly instructed on the limits on punitive and exemplary damages imposed by the principles of deterrence and punishment; is not expressly prohibited from awarding punitive and/or exemplary damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidious discriminatory characteristics, including the corporate status, wealth, or state of residence of defendant; or is permitted to award punitive and/or exemplary damages under a

DEFENDANT JOHNSON & JOHNSON'S ORIGINAL ANSWER AND DEFENSES SUBJECT TO
JOHNSON & JOHNSON'S SPECIAL APPEARANCE — PAGE 7

standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes exemplary damages permissible; (2) not subject to independent de novo review by the trial and appellate courts for reasonableness and the furtherance of legitimate purposes on the basis of objective legal standards and in conformity with the United States Constitution as amended or any applicable state constitution as amended; (3) imposed where state law is impermissibly vague, imprecise, or inconsistent; (4) subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; or (5) imposed on the basis of anything other than Johnson & Johnson's conduct within the state where each Plaintiff resides, or in any other way subjecting Johnson & Johnson to impermissible multiple punishment for the same alleged wrong, such an award of punitive damages would violate the Fourteenth Amendment due-process rights of Johnson & Johnson.

37.    Johnson & Johnson specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive and exemplary damage awards as applied to the state and federal courts of the applicable states under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

38.    With respect to Plaintiffs' demand for punitive and exemplary damages, Johnson & Johnson specifically incorporates by reference all standards and limitations regarding the determination and enforceability of exemplary and punitive damage awards that arise under *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and their progeny, as applied by the federal courts of appeals, together with all such standards applicable under Texas or any other state's law.

DEFENDANT JOHNSON & JOHNSON'S ORIGINAL ANSWER AND DEFENSES SUBJECT TO
JOHNSON & JOHNSON'S SPECIAL APPEARANCE — PAGE 8

39.    In the event the Court finds that New Jersey punitive damages law does not apply, Johnson & Johnson invokes the provisions of all applicable statutory caps on damages of any sort, including punitive, non-economic or exemplary damages, under the laws of Texas or the applicable states. TEX. CIV. PRAC. & REM. CODE § 41.008.

40.    Johnson & Johnson hereby gives notice that it intends to rely upon and incorporate by reference any affirmative defenses that may be asserted by any co-defendant in this lawsuit.

41.    Plaintiffs' alleged causes of action have been improperly joined under the Texas Rules of Civil Procedure and the laws of Texas.

42.    Johnson & Johnson reserves the right to assert any additional defenses and matters in avoidance, that may be disclosed during the course of additional investigation and discovery or as the result of any subsequent pleadings filed in these proceedings, including the defense of improper venue.

### III. DEMAND FOR JURY TRIAL

43.    Defendant Johnson & Johnson requests that this matter be heard by a jury.

### IV. SPECIAL EXCEPTIONS

44.    Johnson & Johnson specially excepts to Plaintiffs' failure to plead their damages amounts as required by Tex. R. Civ. P. 47(c). Johnson & Johnson requests that the Court grant this special exception and require Plaintiffs to replead within 14 days to state their damages amounts in compliance with Rule 47(c).

45.    Johnson & Johnson specially excepts to Plaintiffs' failure to plead their residency, as required by Tex. R. Civ. P. 79. Johnson & Johnson requests that the Court grant this special exception and require Plaintiffs to replead within 14 days to state their state of residence and, if they are a resident of Texas, the county of their residence.

46.     Johnson & Johnson requests that the Court's order state that if Plaintiffs fail to replead within 14 days to cure the pleading defects raised by these special exceptions, then the case will be automatically dismissed.

## V. PRAYER

Subject to Johnson & Johnson's special appearance, Johnson & Johnson respectfully requests that the Court enter a judgment that: (i) Plaintiffs take nothing on their claims against Johnson & Johnson; (ii) all of Plaintiffs' claims and causes of action against Johnson & Johnson be dismissed with prejudice; and (iii) Johnson & Johnson recover its court costs from Plaintiffs. Johnson & Johnson also requests that the Court grant its special exceptions, as pleaded in Section IV, above. Johnson & Johnson further requests general relief.

Respectfully submitted,

**CHERRY PETERSEN LANDRY ALBERT LLP**

By: /s/ Scott P. Stolley
      Scott P. Stolley
      Texas Bar No. 19284350
      Email: sstolley@cplalaw.com
      Kartik R. Singapura
      Texas Bar No. 24083863
      Email: ksingapura@cplalaw.com

      8350 North Central Expressway,
      Suite 1500
      Dallas, Texas   75206
      (214) 265-7007 Telephone
      (214) 265-7008 Facsimile

      ATTORNEYS FOR DEFENDANT
      JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via eFileTexas.gov to Plaintiffs' counsel, as set forth below, on this the 6th day of April, 2016.

Tim K. Goss
tim@freeseandgoss.com
Tamara L. Banno
tammy@freeseandgoss.com
Freese & Goss, PLLC
3031 Allen Street, Suite 200
Dallas, Texas 75204

David P. Matthews
dmatthews@thematthewslawfirm.com
Julie L. Rhoades
jrhoades@thematthewslawfirm.com
Matthews and Associates
2509 Sackett Street
Houston, Texas 77098

/s/ Scott P. Stolley
Scott P. Stolley

DEFENDANT JOHNSON & JOHNSON'S ORIGINAL ANSWER AND DEFENSES SUBJECT TO
JOHNSON & JOHNSON'S SPECIAL APPEARANCE — PAGE 11